BAKER, JUDGE:
Claimants rent and operate a large farm in Upshur County, primarily for the production of corn. During the months of June and July, 1987, claimants planted two fields of corn over a fifty-four acre area. As quickly as they planted the corn, Canada geese appeared to consume or otherwise destroy the crop. Claimants contacted agents of the respondent for assistance with the trespassing geese, and were allegedly advised that the Canada geese were the property of the Federal government, and, as such, were a protected species. Claimants, although cautioned not to harm the geese, were provided advice as to methods to scare the geese from the fields of corn. Claimants were given instructions on the use of “shell crackers” and propane cannons to disturb and frighten the geese. Claimants indicated that farming was not their only vocation, and, as construction contractors, they did not have the time to stand guard over the fields to scare the geese away.
The Canada geese allegedly destroyed most of the June and July, 1987, planting of corn. The claimants replanted corn and again suffered substantial destruction to their corn crop by the errant and foraging geese. The corn crop yield during the summer of 1987 was unusually low as compared to the yield of corn from the other fields which were not disturbed by geese. The average yield per undisturbed acre was 110 bushels. Claimants instituted this action to recover lost earnings for corn destroyed by the Canada geese. The claimants calculated the loss as follows:
Undisturbed fields
54 acres x 110 bushels/acre=5,940 bushels
Disturbed fields
54 acres x 30 bushels/acre =1,620 bushels
5,940 bushels - 1,620 bushels = 4,320 bushels lost.
Claimants introduced evidence that the average rate per bushel of corn paid by the Southern States Buckhannon Cooperative in November 1987 was $2.45 per bushel. Accordingly, the claimants calculated that their loss on $4,320 bushels of corn was $10,584.00.
The respondent avers that the cause(s) of the damage complained of is/are inconclusive, and that inaction upon the part of the claimants to prevent the destruction of their corn crop was the actual and proximate cause of loss. The respondent also questions the calculation of claimants’ *31 alleged loss.
It is uncontroverted that the West Virginia Legislature promulgated a policy of importing and encouraging the development of foreign game birds within the territorial borders of the state. See W.Va. Code §20-1-4. The term “wild birds” as defined in Chapter 20 of the W.Va. Code includes geese. However, wild birds of any species are just that -wild birds. As ferra naturale the Canada geese do not “belong” to the government or to individuals. The Canada geese are not native fowl within the State. They breed in Canada, and traverse West Virginia borders only for the purpose of flying to Mexico for the winter. For the claimants to prevail in this action, they must prove that the offending geese are an instrumentality of the State, or within the control and custody of same. The facts are uncontroverted concerning the presence of the Canada geese on or about claimants property. Small numbers of the geese were imported and then released with the hope of creating resident populations by the respondent in 1980, and again in 1983, within one mile of the claimants corn fields. However, claimants did not commence farming activity upon their leased property until 1986, three to six years after the release of the geese. Unlike the holding in Kay v. Dept. of Natural Resources, 14 W.Va. Ct. Cl. 270, where the State was liable for similar geese damage, because the damage occurred immediately after the birds were released, the facts and circumstances herein are different in time and proximity. It is uncontroverted that the claimants leased their disturbed corn fields several years after, and not before or contemporaneously with the birds’ release. Accordingly, the Kay decision is inapplicable to the present case.
The Court further holds that respondent was not in possession of or control of the Canada geese. The respondent was at most a regulator. As a regulator, respondent made available to claimants the methods suitable to address the problem of their crop destruction by the Canada geese. It appears uncontroverted that the claimants did not take full advantage of the advice and equipment. Claimant James Rohr stated “.. .1 couldn’t have employees sit over there in the middle of the field all day long.”
Claimants have failed to demonstrate to this Court that respondent has a duty to act to ameliorate the damage caused by Canada geese beyond the measurers of disseminating information and supplying equipment such as shell crackers and propane cannons to the claimants or other parties in the same situation. It is uncontroverted that the respondent provided the described assistance. As claimants have failed to establish negligence on the part of the respondent, the Court is of the opinion to and does deny this claim.
Claim disallowed.